REGAN, Judge.
Plaintiffs, Wilson R. Raybon, and his subrogee insurer, Motors Insurance Corporation, instituted this suit against the defendant, Samuel R. Eskridge, endeavoring to recover the sum of $331.95, representing property damage incurred to Ray-bon’s vehicle on August 16, 1952, at about 4:30 p. m., as a result of a collision in the intersection of Gentilly Highway and Americus Street.
Defendant pleaded the exception of no cause of action which was overruled, and then answered admitting the occurrence of the accident, but insisting that the proximate cause thereof was the negligence of Raybon. Defendant then reconvened and pleaded therein the contributory negligence of Raybon and asserted that he was entitled to recover the sum of $50 representing property damage incurred by his automobile.
Judgment was rendered in favor of plaintiffs as prayed for and defendant’s re-conventional demand was dismissed. Hence this appeal. Plaintiffs have an *617 swered the appeal requesting that the judgment appealed from be amended by awarding them 10% as damages for a frivolous appeal.
In order to avoid repetitious designation of parties plaintiff we shall hereinafter apply the appellation plaintiff to Raybon.
Although plaintiff, a guest passenger in his car, and defendant were the only witnesses who related the manner in which the accident occurred, the record reveals, as we have so often observed heretofore, the usual controversial facts and disputations predominant in this type of litigation.
The plaintiff testified that on the afternoon of the accident he was driving about 30 to 35 miles per hour in the left lane of the inbound roadway of Gentilly Highway, moving in the general direction from Chef Menteur towards New Orleans and when he was near the intersection of Americus Street and Gentilly Highway, he observed defendant’s automobile approaching on his left, crossing the outbound roadway at a forty-five degree angle and he anticipated that defendant would come to a stop before attempting to execute a lefthand turn across the inbound roadway of the Highway; when his vehicle was approximately 50 to 75 feet removed from the intersection, he realized that the defendant was not going to stop and it was then that he endeavored to avoid the impending collision by applying his brakes; he was unable to steer his vehicle either to his left or to his right because of traffic moving in each of these other lines.
Robert T. Neal, a guest passenger in plaintiff’s car, corroborated his testimony in all of its essential aspects.
Defendant testified that he had stopped in an oil station adjacent to the outbound roadway of Gentilly Highway, approximately 300 feet removed from the intersection of Americus Street, to procure “a soft drink”; when he left the service station he drove into the left lane of the outbound roadway and signalled for a left turn into Americus Street. He then more pertinently elucidated in .response to the following question propounded by the court:
“Q. Well how would Mr. Rabón (plaintiff) be expected to know when you left the filling station to cross over that it was your intention to make a left turn without coming to a stop and letting him know your * * * intention? A. Well, I didn’t — I never knew I was supposed to come to a stop. I was driving since 1916 and no one —if you come up to an intersection and are going to cross the highway why should you stop or anyone stop, because when you are on the center line all you have to cross is two lanes of highway.”
Plaintiff insists that the sole cause of the collision was the negligence of the defendant in executing a lefthand turn into the inbound roadway of Gentilly Highway without first stopping and ascertaining that it was safe to do so.
On the other hand, the defendant, in his endeavor to resist the implication of this assertion, maintains that the collision was not caused by his negligence, but was caused by the fault of plaintiff in failing to maintain a proper lookout and thus avoid the accident.
We have carefully analyzed the actions of the plaintiff and find that he was entirely free of negligence, therefore, the only question posed for our consideration is one of fact and that is whether the defendant’s negligence was the' proximate cause of the accident.
The trial judge resolved the answer to this question in the affirmative, as reflected in his reasons for judgment, and our careful examination of the record fails to reveal any error in his conclusion. The record reflects the very evident fact that the defendant failed to stop before executing a left turn into the heavily travelled inbound roadway of Gentilly Highway, which would have afforded him ample opportunity to observe the imminence of *618 plaintiff’s vehicle, therefore, defendant’s negligence in this respect was the proximate cause of the accident.
The record reveals that damages in the amount of $331.95 to plaintiff’s Plymouth automobile have been adequately proven.
We are of the opinion that the appeal prosecuted by the defendant was injudicious, but we are unable to conclude from the record that it was frivolous and, therefore, plaintiff’s request for 10% penalties as damages for a frivolous appeal will not be allowed.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.